MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RUFINO MARCELO FLORES, *individually*
*and on behalf of others similarly situated,*

Plaintiff,

-against-

MIKES ITALIAN KITCHEN, LLC (D/B/A
AMSTERDAM BURGER CO.), MG FOOD
INC. (D/B/A AMSTERDAM BURGER CO.),
MLM CUISINE, LLC (D/B/A AMSTERDAM
BURGER CO.), MICHAEL GERSHKOVICH,
MIKE COBDEN, MARTY KATZ, and
MEHADRIN KASHRUS,

Defendants.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**

**ECF Case**

Plaintiff Rufino Marcelo Flores ("Plaintiff Flores" or "Mr. Flores"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Mikes Italian Kitchen, LLC (d/b/a Amsterdam

Burger Co.), MG Food Inc. (d/b/a Amsterdam Burger Co.), MLM Cuisine, LLC (d/b/a Amsterdam

Burger Co.), ("Defendant Corporations"), Michael Gershkovich, Mike Cobden, Marty Katz, and

Mehadrin Kashrus, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Flores is a former employee of Defendants Mikes Italian Kitchen, LLC

(d/b/a Amsterdam Burger Co.), MG Food Inc. (d/b/a Amsterdam Burger Co.), MLM Cuisine, LLC

(d/b/a Amsterdam Burger Co.), Michael Gershkovich, Mike Cobden, Marty Katz, and Mehadrin Kashrus.

2.     Defendants own, operate, or control a kosher burger restaurant, located at 654 Amsterdam Avenue, New York, NY 10025 under the name "Amsterdam Burger Co."

3.     Upon information and belief, individual Defendants Michael Gershkovich, Mike Cobden, Marty Katz, and Mehadrin Kashrus, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Flores was an employee of Defendants.

5.     Plaintiff Flores was employed as a delivery worker at the restaurant located at 654 Amsterdam Avenue, New York, NY 10025.

6.     Plaintiff Flores was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to bringing up supplies to the cooks (hereafter the "non-tipped duties").

7.     At all times relevant to this Complaint, Plaintiff Flores worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

8.     Rather, Defendants failed to pay Plaintiff Flores appropriately for any hours worked.

9.     Defendants employed and accounted for Plaintiff Flores as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Flores at a rate that was lower than or at the required tip-credit rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Flores's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Flores's actual duties in payroll records by designating him as a delivery worker instead of non-tipped employee. This allowed Defendants to avoid paying Plaintiff Flores at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Flores's and other tipped employees' tips and made unlawful deductions from Plaintiff Flores's and other tipped employees' wages.

14.    Defendants' conduct extended beyond Plaintiff Flores to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores and other employees to work  without providing the minimum wage compensation required by federal and state law and regulations.

16.    Plaintiff Flores now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Flores now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Flores's state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a kosher burger restaurant located in this district. Further, Plaintiff Flores was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.    Plaintiff Rufino Marcelo Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in New York County, New York.

21.    Plaintiff Flores was employed by Defendants at Amsterdam Burger Co. from approximately November 30, 2012 until on or about January 28, 2018.

22.    Plaintiff Flores consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all relevant times, Defendants owned, operated, or controlled a kosher burger restaurant, located at 654 Amsterdam Avenue, New York, NY 10025 under the name "Amsterdam Burger Co."

24.    Upon information and belief, Mikes Italian Kitchen, LLC (d/b/a Amsterdam Burger Co.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 654 Amsterdam Avenue, New York, NY 10025.

25.    Upon information and belief, MG Food Inc. (d/b/a Amsterdam Burger Co.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 654 Amsterdam Avenue, New York, NY 10025.

26.    Upon information and belief, MLM Cuisine, LLC (d/b/a Amsterdam Burger Co.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 654 Amsterdam Avenue, New York, NY 10025.

27.    Defendant Michael Gershkovich is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Gershkovich is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Michael Gershkovich possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Flores, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Mike Cobden is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mike Cobden is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mike Cobden possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Flores, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.    Defendant Marty Katz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marty Katz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Marty Katz possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Flores, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.    Defendant Mehadrin Kashrus is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mehadrin Kashrus is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mehadrin Kashrus possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants,

including Plaintiff Flores, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.    Defendants operate a kosher burger restaurant located in the Upper West Side section of Manhattan in New York City.

32.    Individual Defendants, Michael Gershkovich, Mike Cobden, Marty Katz, and Mehadrin Kashrus, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

33.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.    Each Defendant possessed substantial control over Plaintiff Flores's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Flores, and all similarly situated individuals, referred to herein.

35.    Defendants jointly employed Plaintiff Flores (and all similarly situated employees) and are Plaintiff Flores's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.    In the alternative, Defendants constitute a single employer of Plaintiff Flores and/or similarly situated individuals.

37.    Upon information and belief, Individual Defendants Michael Gershkovich, Mike Cobden, Marty Katz, and Mehadrin Kashrus operate Defendant Corporations as either alter egos

of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)    defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)    transferring assets and debts freely as between all Defendants,

    d)    operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)    operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)    intermingling assets and debts of their own with Defendant Corporations,

    g)    diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)    Other actions evincing a failure to adhere to the corporate form.

38.   At all relevant times, Defendants were Plaintiff Flores's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Flores, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Flores's services.

39.   In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

41.    Plaintiff Flores is a former employee of Defendants who was employed as a delivery worker. However, he spent 20% of each shift performing the non-tipped duties described above.

42.    Plaintiff Flores seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rufino Marcelo Flores*

43.    Plaintiff Flores was employed by Defendants from approximately November 30, 2012 until on or about January 28, 2018.

44.    Defendants ostensibly employed Plaintiff Flores as a delivery worker.

45.    However, Plaintiff Flores was also required to spend a significant portion of his work day performing the non-tipped duties described above.

46.    Although Plaintiff Flores ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

47.    Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.    Plaintiff Flores's work duties required neither discretion nor independent judgment.

49.    From approximately November 30, 2012 until on or about January 28, 2018, Plaintiff Flores worked as a delivery worker from approximately 5:00 p.m. until on or about 10:30 p.m. to 10:45 p.m., Sundays through Wednesdays, from approximately 5:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., Thursdays, and from approximately 7:00 p.m. until on or about 12:00 a.m.,

Saturdays in the months of November, December and January of each year of employment (typically 28 to 29.5 hours per week, and 33 to 34.5 from November, December and January of each year of employment).

50.     Throughout his employment, Defendants paid Plaintiff Flores his wages by check.

51.     From approximately November 30, 2012 until on or about January 2013, Defendants paid Plaintiff Flores $8.00 per hour.

52.     From approximately January 2013 until on or about December 2015, Defendants paid Plaintiff Flores $5.65 per hour.

53.     From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Flores $7.50 per hour.

54.     From approximately January 1, 2018 until on or about January 28, 2018, Defendants paid Plaintiff Flores $8.65 per hour.

55.     Defendants never granted Plaintiff Flores any breaks or meal periods of any kind.

56.     Plaintiff Flores was never notified by Defendants that his tips were being included as an offset for wages.

57.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Flores's wages.

58.     Defendants withheld a portion of Plaintiff Flores's tips; specifically, Defendants pocketed a portion of all the tips to pay for supplies such as the receipt paper for delivery orders (approximately $7.50 per week).

59.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

60.     Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including a bicycle and bicycle maintenance and supplies.

*Defendants' General Employment Practices*

62.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

63.     Plaintiff Flores was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

64.     Defendants' pay practices resulted in Plaintiff Flores not receiving payment for all his hours worked, and resulting in Plaintiff Flores's effective rate of pay falling below the required minimum wage rate.

65.     Defendants habitually required Plaintiff Flores to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

66.     Defendants required Plaintiff Flores and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. Plaintiff Flores and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

67.     Plaintiff Flores and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

68.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Flores's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

69.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70.     Plaintiff Flores's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.     In violation of federal and state law as codified above, Defendants classified Plaintiff Flores and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.     Defendants failed to inform Plaintiff Flores who received tips that Defendants intended to take a deduction against Plaintiff Flores's earned wages for tip income, as required by the NYLL before any deduction may be taken.

73.     Defendants failed to inform Plaintiff Flores who received tips, that his tips were being credited towards the payment of the minimum wage.

74.    Defendants failed to maintain a record of tips earned by Plaintiff Flores who worked as a delivery worker for the tips he received.

75.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Flores who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Flores and all other delivery workers of a portion of the tips earned during the course of employment.

76.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Flores and other tipped employees, in violation of New York Labor Law § 196-d (2007).

77.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

78.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Flores (and similarly situated individuals) worked, and to avoid paying Plaintiff Flores properly for his full hours worked.

80.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Flores and other similarly situated former workers.

82.    Defendants failed to provide Plaintiff Flores and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

83.    Plaintiff Flores brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

84.    At all relevant times, Plaintiff Flores and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage required by the FLSA.

85.    The claims of Plaintiff Flores stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

86.    Plaintiff Flores sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

87.    Plaintiff Flores brings his New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Flores, are referred to herein as the "Class."

88.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

89.    There are questions of law and fact common to the Class including:

a)    What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

    d)   Whether Defendants failed and/or refused to pay Plaintiff Flores the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

    e)   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

    f)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

    g)   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

90.     The claims of the representative parties are typical of the claims of the class. Plaintiff Flores and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

91.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

92.     The common questions of law and fact predominate over questions affecting only individual members.

93.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to

the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

94.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

95.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

96.    At all times relevant to this action, Defendants were Plaintiff Flores's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Flores (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

97.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.    Defendants failed to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100. Defendants' failure to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Flores (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

103.    Defendants' failure to pay Plaintiff Flores(and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Flores (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

105.    Plaintiff Flores repeats and re-alleges all paragraphs above as though fully set forth herein.

106.    Defendants failed to provide Plaintiff Flores with a written notice, in English and in Spanish (Plaintiff Flores's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

107.    Defendants are liable to Plaintiff Flores in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

108.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants required Plaintiff Flores to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

110.    Plaintiff Flores (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

111.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

112.    At all relevant times, Defendants were Plaintiff Flores's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

113.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

114.     Defendants unlawfully misappropriated a portion of Plaintiff Flores's tips that were received from customers.

115.     Defendants knowingly and intentionally retained a portion of Plaintiff Flores's tips in violations of the NYLL and supporting Department of Labor Regulations.

116.     Plaintiff Flores (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flores respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Flores and the FLSA and Rule 23 Class members;

(d)     Awarding Plaintiff Flores and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Flores and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage,

and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores;

(g)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Flores and the FLSA Class members;

(h)      Awarding Plaintiff Flores and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(i)      Awarding Plaintiff Flores and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)      Awarding Plaintiff Flores and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(k)       Awarding Plaintiff Flores and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Flores demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 7, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 28, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Rufino Marcelo Flores

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      28 de febrero de 2018

*Certified as a minority-owned business in the State of New York*